UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

In re:

FIRST AMERICAN OIL COMPANY                   CASE NO. 10-80434

    DEBTOR                                                CHAPTER 11
*************************************************************************

OBJECTION OF MIKE M. MARCELLO, INC.
TO CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY
FIRST AMERICAN OIL COMPANY ON OCTOBER 26, 2010

Mike M. Marcello, Inc., ("Marcello") a creditor in the captioned case, through its undersigned counsel, objects to confirmation of the Chapter 11 Plan (the "Plan") filed by First American Oil Company (the "Debtor") on October 26, 2010, because the plan 1) is untimely, 2) lacks an amended disclosure statement, 3) fails to pay Marcello at least as much as it would receive or retain if the Debtor were liquidated under chapter 7, 4) fails to comply with the cram-down provisions of 11 U.S.C. § 1129(b), 5) violates the absolute priority rule, and 6) lacks adequate information regarding the terms of the proposed sale.

## LEGAL ARGUMENT

**I.     The statutory deadline for confirmation has lapsed.**

The deadline under § 1129(e) applies in this case, because the Debtor is a "small business debtor," making this a "small business case." 11 U.S.C. §§ 101(51C), (51C). As a prerequisite to confirmation in a small business case, § 1129(e) requires that a plan must be filed in compliance with § 1121(e) and be confirmed "not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." Here, the Debtor filed its Plan on August 19, 2010. Accordingly, under § 1129(e), the deadline to confirm the Debtor's plan lapsed on October 4, 2010.

1

Section 1121(e)(3) provides that the 45-day deadline under § 1129(e) "may be extended only if (A) the debtor, after providing notice to parties in interest demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time; (B) a new deadline is imposed at the time the extension is granted; and (C) the order extending time is signed before the existing deadline has expired." The Debtor has never made a request for the 45-day deadline to be extended. Thus, it is impossible at this juncture for the Debtor to meet the requirements for an extension under § 1121(e)(3)(A)-(C).

## II. The Debtor provided no amended disclosure statement.

In addition to failing to confirm a plan, the Debtor has failed to file a disclosure statement within the time provided by the court's minute entry on September 29, 2010, giving the Debtor "15 days to amend and notice a plan and disclosure statement." Notwithstanding the fact that the Debtor filed its Amended Plan 27 days from September 29th, the Debtor has, to date, failed to file an amended disclosure statement in compliance with § 1127(f)(2).

## III. Debtor's Plan fails to comply with § 1129(a)(7)(A)(ii).

Section 1129(a)(7)(A)(ii) requires that all impaired classes must received under the Plan "not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date."

Here, the value of property to be distributed to Marcello is less than what it would receive in a hypothetical liquidation. Marcello's claim totals roughly $86,000, and is secured by a judicial lien against the Debtor's real estate. According to the asset values stated in the original disclosure statement, Marcello is an over-secured creditor. The Plan ignores this requirement by promising to pay only $10,000 to Marcello. The Plan completely disregards over $70,000 of

2

Marcello's claim without an objection to the claim, or notice and hearing as required under Rules 3007 and 3012. Thus, the Plan fails to pay Marcello's oversecured claim as required by § 1129(a)(7).

## IV. The Debtor's Plan fails to comply with the cram-down provision of § 1129(b).

Pursuant to § 1129(a)(8) of the Bankruptcy Code, all classes under a plan must be unimpaired or vote to accept the Plan. 11 U.S.C. § 1129(a)(8). In the present case, Marcello's claim, the only claim in Class 8 is impaired, because the Plan promises to pay Marcello only $10,000 of his secured claim that exceeds $86,000. Thus, confirmation of the Plan depends upon either Marcello's vote, or compliance with the cram-down provisions of § 1129(b) of the Bankruptcy Code.

Section 1129(b) generally provides that if all requirements of § 1129(a) are met, other than subparagraph (a)(8), a plan may still be confirmed "if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b). Whether a cram down plan is fair and equitable with respect to a class of secured claims is governed by § 1129(b)(2)(A), which requires that the Plan (1) preserve the secured creditors' liens in the collateral or sale proceeds of collateral and distribute property equal to the present value of the secured claims, or (2) provide the secured creditors with the indubitable equivalent of their secured claims. The Plan fails to comply with the cram-down provisions in the following ways:

(1) The Plan fails to distribute to Marcello property equal to the present value of his secured claim. As explained above, Marcello's secured claim totals over $86,000. Nevertheless, the Plan promises to pay only $10,000 of Marcello's claim in monthly installment payments beginning 180 days after the Effective Date. In addition to inexplicably eliminating over

$76,000 of Marcello's claim, Marcello is unable to calculate the present value of what it will receive under the Plan. The Plan is silent as to the number of payments, the amount of the payments, or an interest rate to discount the future payments to present value.

(2) The Plan provides no protection for Marcello's lien. A cram-down plan must provide for secured claim holders to retain their liens in either the property being transferred under the plan or the sale proceeds. §§ 1129(b)(2)(A)(i)(II), (ii). Here, the Plan nullifies Marcello's lien in the property by proposing the sell the property free and clear, and makes no provision for Marcello's lien to attach to the proceeds. Consequently, the general unsecured creditors will be paid *pro rata* from sale proceeds, while Marcello's secured claim will be paid at an indefinite time in the future with no protection from the risk of nonpayment.

(3) The Plan provides for no risk premium to Marcello. Because Marcello is an oversecured creditor according to the values set forth in the original disclosure statement, the entire present value of its claim must be paid over the course of the Plan. *Till v. SCS Credit Corp.*, 541 U.S. 465, 483 (2004) ("'[V]alue, as of the effective date of the plan, of property to be distributed under the plan' is better read to incorporate all of the commonly understood components of 'present value,' including any risk of nonpayment."); *In re T-H New Orleans Ltd. P'ship*, 116 F.3d at 800 (upholding bankruptcy court's finding that the contract rate was an appropriate discount rate for purposes of discounting deferred payments to present value); *In re D & F Const. Inc.*, 865 F.2d 673, 676 (5th Cir. 1989); *In re Nw. Timberline Enterprises, Inc.*, 348 B.R. 412, 435 (Bankr. N.D. Tex. 2006). Here, the plan provides for no interim interest payment to compensate Marcello for the event that the Debtor's Plan is unachievable, thus, even if the face value of the Plan payment were correct – which it is not – the Plan fails to satisfy the "present value" requirement under § 1129(b)(2)(A).

## V. The Absolute Priority Rule

Section 1129(b)(2)(B)(ii) contains is the absolute priority rule, which prohibits a plan from paying junior interests until the unsecured creditors are paid in full. The Debtor's Plan ignores this requirement by allowing Class 7 (equity security holders) to receive distributions despite the fact that the Plan pays Marcello's claim only pennies-on-the-dollar. Even if Marcello's claim is bifurcated under § 506(a) – which the Debtor has not accomplished – the remaining unsecured portion must be paid before equity security holders receive any distribution from the estate.

## VI. No information on proposed sale.

The Plan's funding source is primarily from sale proceeds from the sale of estate assets. The Debtor has failed to provide even the most basic information regarding the terms of the proposed sale. Without this information, the feasibility of the Plan is speculative, at best.

## VII. Conclusion

For the reasons set forth above, the Debtor's Plan is unconfirmable. Moreover, because, *inter alia*, the statutory deadline for confirmation of the Debtor's Plan has lapsed, Marcello is filing, contemporaneously with this objection, a motion to convert the Debtor's case to a case under chapter 7 of the Bankruptcy Code.

WHEREFORE, considering all the reason set forth above, Mike M. Marcello, Inc. respectfully requests that the Court deny confirmation of the Debtor's proposed Chapter 11 Plan.

**Respectfully submitted;**

**STEFFES, VINGIELLO & McKENZIE, LLC**

By: **s/ Michael H. Piper**
**MICHAEL H. PIPER (LA Bar No. 12426)**
**WADE R. IVERSTINE (LA Bar No. 31793)**
13702 Coursey Blvd., Building 3

Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: mpiper@steffeslaw.com
E-mail: wiverstine@steffeslaw.com
*Attorneys for Mike M. Marcello, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**In re:**

| | |
|---|---|
| **FIRST AMERICAN OIL COMPANY** | **CASE NO. 10-80434** |
| **DEBTOR** | **CHAPTER 11** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has this day been served, via Certified mail, upon those listed below by depositing same in the United States mail properly addressed and postage prepaid on this 1st day of December, 2010.

First American Oil Company
1701 Lee Street
Alexandria, LA 71301

Thomas R. Willson
P. O. Drawer 1630
Alexandria, LA 71309-1630

Gail Bowen McCulloch
Office of U. S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101

s/ Michael H. Piper_____ _____
**MICHAEL H. PIPER (LA Bar No. 12426)**
13702 Coursey Blvd., Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: mpiper@steffeslaw.com
*Attorneys for Mike M. Marcello, Inc.*